IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV 2 8 2017

CLERK, U.S. DISTRICT COURT
By_____
          Deputy

LETOSHA ANDERSON,      §
     §
       Plaintiff,      §
     §
VS.      §    NO. 4:17-CV-672-A
     §
GENERAL MOTORS, LLC,      §
     §
       Defendant.      §

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion to dismiss filed in the
above-captioned action by defendant, General Motors, LLC, to
which plaintiff, Letosha Anderson, responded. Having considered
the motion, the response, the reply, plaintiff's complaint, and
the applicable legal authorities, the court finds that the motion
should be granted.

I.

Plaintiff's Alleged Causes of Action

The following is an abbreviated statement of the allegations
by plaintiff as the basis for her eight alleged causes of action:

Plaintiff is a forty-one-year-old, African American, woman
currently employed by defendant. In March 2015, she began
working in the defendant's electrical apprenticeship program.
She claimed that during the time she held this position, she
never received the necessary training, classes, or tools to

perform the job, but that "other employees who were over forty (40) years old, who were not African American, who were not female who were all given the proper training, classes, and tools to perform the job." Doc.[1] 1 at 7, ¶ 31 (errors in original).

On January 4, 2016, plaintiff was transferred to work in the defendant's body shop. Since then, her male coworkers have, "together and individually, hazed, bulled [sic], harassed, insulted, ridiculed, humiliated and disrespected Plaintiff for being a female, African American over forty-one (41) years old."[2] Id. 1 at 8, ¶ 35. Additionally, defendant circulated cards, flyers, and emails within the workplace that all "are offensive with regard to age, race and sex," id. at 9, ¶¶ 41-43, and defendant retaliated against her for complaining of the offensive materials, id.

Plaintiff asserted the following (using plaintiff's descriptive headings) as causes of action against defendant based on those alleged facts:

> (1) Count One - Age Discrimination, 29 U.S.C. § 623(a)(1), in the Workplace at General Motors LLC, Doc. 1 at 11;

---

[1]The "Doc. _" references are to the numbers of the items on the docket in this action.

[2]The specific behavior plaintiff complains of as harassment includes being called "lazy" and other names, and male coworkers putting "hello kitty" stickers on her toolbox.

(2) Count Two - Race Discrimination, 42 U.S.C. § 2000e-2(a)(1) & 42 U.S.C. § 1981, in the Workplace at General Motors, LLC, <u>id.</u> at 15;

(3) Count Three - Sex-Gender Discrimination, 42 U.S.C. 2000e-2(a)(1) & 42 U.S.C. § 1981, in the Workplace at General Motors, LLC, <u>id.</u> at 16;

(4) Count Four - Disparate Treatment Employment Discrimination, 42 U.S.C. § 2000e-2 and 42 U.S.C. § 1981, in the Workplace at General Motors, LLC, <u>id.</u> at 17;

(5) Count Five - Disparate Impact Employment Discrimination, 42 U.S.C. 2000e-2(a), in the Workplace at General Motors, LLC, <u>id.</u> at 18;

(6) Count Six - Hostile Work Environment, 42 U.S.C. § 2000e & 42 U.S.C. § 1981, in the Workplace at General Motors, LLC, <u>id.</u> at 19;

(7) Count Seven - Retaliation, 42 U.S.C. § 2000e-3(a) & 42 U.S.C. § 1981, in the Workplace at General Motors, LLC, <u>id.</u> at 23; and

(8) Count Eight - Defamation, in the Workplace at General Motors, LLC, <u>id.</u> at 26.

Plaintiff alleged in the first paragraph under each of the headings for Counts One, Two, Three, Four, Five, Six, and Seven that the conduct complained of under the heading also violated Chapter 21 of the Texas Labor Code "and other similar state statutes." <u>Id.</u> at 11, ¶ 58; 15, ¶ 86; 16, ¶ 97; 17, ¶ 115; 18, ¶ 125; 19, ¶ 136; & 23, ¶ 158.

Plaintiff requested injunctive relief, recovery of actual and punitive damages, and for attorneys, expert witness, and court reporter fees. <u>Id.</u> at 30-33.

II.

## Grounds of the Motion

Defendant moved to dismiss each of the claims and causes of action against it for failure to state a claim upon which relief can be granted. Defendant asserts that plaintiff failed to exhaust administrative remedies before bringing her ADEA claim, that her race-related claims should be dismissed as time-barred, and that all of plaintiff's claims are subject to dismissal because she has failed to set forth sufficient factual allegations to support them.

Defendant filed with its motion as exhibits 1 through 9 specimens of pleadings counsel for plaintiff previously had filed in this court or other federal courts. The exhibits seem to demonstrate that the allegations made by plaintiff in support of each count in the instant action are mere boilerplate the plaintiff's attorney repeatedly has used without regard to the true facts of the instant action and, perhaps, of the other actions filed by plaintiff's counsel from which the exhibits were taken. Docs. 13-21.

III.

## Applicable Pleading Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading.

It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim[s are] and the grounds upon which [they] rest[]." Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007)(internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Id. at 555. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Id. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific

task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

While the court generally is not to look beyond the pleadings in deciding a motion to dismiss for failure to state a claim, Spivey v. Robertson, 197 F.3d 772, 774 (5th Cir. 1999), "it is . . . proper in deciding [such a] motion to take judicial notice of matters of public record," such a pleading filed by plaintiff in lawsuits filed in this court or other federal courts. Norris v. Hearst Trust, 500 F.3d 454, 461 n.9 (5th Cir. 2007)(citing Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

IV.

Analysis

A.    The Exhibits to the Motion

The exhibits to defendant's motion bear out defendant's contention that the allegations and statements alleged by plaintiff in support of her causes of action "often match word-for-word" the same causes of action counsel for plaintiff has alleged against other defendants in cases before this court and other federal courts in Texas. Doc. 12 at 2. For example, plaintiff's allegations in support of her Count One cause of action for alleged age discrimination are virtually identical to her counsel's alleged actions against Prosero, Inc., d/b/a

Spinnaker, in June 2017, Doc. 13 at 011-014, and against Dr.
Pepper Snapple Group, Inc., a/k/a Dr. Pepper Snapple Bottling
Group, in July 2016, id. at 044-047.  Needless to say, it
stretches the imagination to believe that defendant had exactly
the "Underlying Age Discrimination Scheme" employed by Spinnaker
and Dr. Pepper, as counsel for plaintiff has contended in his
boilerplate Count One allegations.  The motion's Exhibits 2-9
show that counsel for plaintiff followed the same pattern as to
the Race Discrimination count that plaintiff alleged as her Count
Two, doc. 14 at 84-85 & 115-16; as to the Sex-Gender
Discrimination claim that plaintiff alleged as her Count Three,
doc. 15 at 153-55 & 182-83; as to the Disparate Treatment
Employment Discrimination claim that plaintiff alleged as her
Count Four, doc. 16 at 218-19 & 252-53; as to the Disparate
Impact Employment Discrimination claim that plaintiff alleged as
her Count Five, doc. 17 at 290-91 & 321-22; as to the Hostile
Work Environment claim that plaintiff alleged as her Count Six,
doc. 18 at 342-43 & 377-78; as to the Mental Abuse feature of
plaintiff's Count Six Hostile Work Environment claim, doc. 19 at
403-04 & 439-40; as to the Retaliation claim that plaintiff
alleged as her Count Seven, doc. 20 at 473-77 & 496-500; and, as
to the Defamation in the Workplace claim that plaintiff alleged
as her Count Eight, doc. 21 at 531-34 & 567-69.

While boilerplate pleading language is often used as to commonly-expressed legal principles, the court is highly suspicious of factual allegations that are alleged to be in common in unrelated lawsuits involving unrelated defendants. The use by plaintiff, through her attorney, of factual allegations that are almost copies of factual allegations made in other complaints filed in this court and other federal courts bear on the plausibility of the claims asserted by plaintiff in this action.

The court has concluded that plaintiff has failed to plead facts that would cause the court to conclude that any of her claims are plausible under the standards established by the Supreme Court in Twombly & Iqbal. Other reasons why defendant's motion has merit as to the counts alleged by plaintiff in her complaint are set forth below.

B.   The Count One Age Discrimination Claim

Defendant seeks dismissal of plaintiff's ADEA claim for failure to exhaust administrative remedies, or, in the alternative, because she has failed to adequately plead her claim. Plaintiff stated in her complaint that prior to initiating the above-captioned action, she timely filed with the United States Equal Employment Opportunity Commission ("EEOC") two written charges of discrimination. The first, filed on

June 11, 2016, asserted sex discrimination, hostile work
environment, disparate impact discrimination, and retaliation.[3]
Her second, filed on June 13, 2017, alleged age and race
discrimination.[4]

While it appears that plaintiff filed the June 13, 2017
charge of discrimination with the EEOC and received a
corresponding right to sue notification, the court has noted that
the facts recited in the charge do not support an age
discrimination claim.  In it plaintiff states:

> In March 2015, I moved to Dallas, TX to participate in
> the electrical apprenticeship. However, since I started
> the program in March 2015, I have not received the
> proper training, classes, or tools to perform the job.
> Since I started the program, there have been other
> employees (Black and white/ over and under 40) who have
> elected to participate in the apprenticeship program.
> They were all given proper training, classes, and
> tools.

Doc. 25 at App. 4.  This is the only EEOC charge in which
plaintiff has complained of discrimination under the ADEA.  It
suggests that the discrimination claim is based on early-2015
conduct.  ADEA protection is limited only to individuals over the
age of forty.  29 U.S.C. § 631(a).  From the face of the charge

---

[3]Defendant also claimed to have knowledge or record of two other charges of discrimination filed
with the EEOC on September 10, 2010, and March 25, 2014.  Neither of these charges were mentioned in
plaintiff's complaint, nor do they seem to be central to any of her claims.

[4]Defendant, in its motion to dismiss, claims to have no knowledge or notice of such charge.
Plaintiff responded by attaching such document, and the accompanying right to sue letter, to her
response.

of discrimination, it appears that this allegedly discriminatory behavior recited by plaintiff was before plaintiff turned forty years old.[5]

Even if the court were satisfied that plaintiff had exhausted the administrative remedies available to her, she still has not pleaded any facts that would suggest an age discrimination claim. Rather, plaintiff devotes three pages of her complaint to conclusory allegations that defendant employed a systematic scheme designed to disfavor older employees, none of her allegations rise above the level of pure speculation, nor do they suggest that any of the complained-of behavior actually affected plaintiff or resulted in any discriminatory conduct directed at her.[6] The court is not bound to accept as true labels and conclusions stated by plaintiff. Iqbal, 556 U.S. at 679. Simply parroting the language of ADEA does not suffice under Rule 8. Thus, plaintiff's claims of age discrimination, and all age-related claims, are to be dismissed.

---

[5]In her June 11, 2016 charge of discrimination, plaintiff showed her date of birth to be November 13, 2017. See Doc. 25 at App. 3.

[6]For instance, the complaint alleges that the overall goal of this scheme was apparently to terminate senior employees and replace them with younger employees. Doc. 1 at 12. Plaintiff, however, was never terminated by defendant. Another example is plaintiff's allegation that as a result of defendant's discriminatory conduct, plaintiff "suffered and will continue to suffer pecuniary losses, including . . . lost wages and other benefits . . . ." Id. at 14. But the record is completely devoid of any factual information that, if taken as true, would indicate that such is the case.

C.   The Counts Two and Three Race and Gender Discrimination
     Claims

To establish a prima facie case of discrimination under
Title VII, plaintiff is required to establish that she: (1) is a
member of a protected class; (2) is qualified for a particular
position; (3) suffered an adverse employment action; and (4) was
replaced by a person not within her protected class. Pegram v.
Honeywell, Inc., 361 F.3d 272, 281 (5th Cir. 2004). To survive a
motion to dismiss for failure to state a claim, plaintiff need
not actually prove each of these elements. Rather, she simply
must allege sufficient facts to suggest a plausible right to
relief on the claim. Stone v. La. Dep't of Revenue, 590 F. App'x
332, 339 (5th Cir. 2014).

Plaintiff has not satisfied that burden. Specifically,
plaintiff has alleged no facts to indicate that she suffered an
adverse employment action, or that she was replaced by someone
outside of her protected class, which here, refers to her race or
gender. Adverse employment actions, in the context of a
discrimination claim, include "ultimate employment decisions such
as hiring, firing, demoting, promoting, granting leave, and
compensating." Thompson v. City of Waco, Texas, 764 F.3d 500,
503 (5th Cir. 2014)(internal quotation marks omitted). Actions
not affecting job duties, compensation, or benefits usually do
not constitute adverse employment actions, but may in the case of

a transfer or reassignment that results in an objectively worse or less desirable job. Id. Although plaintiff stated that she was transferred to a different division in her workplace, doc. 1 at 7, ¶ 34, she never alleged such transfer constituted an adverse employment action. Rather, her complaint seems to be that she was never given the tools to be successful at her former position, doc. 1 at 7, ¶¶ 32-33, and that her coworkers treated her in an undesirable manner, doc. 1 at 8, ¶¶ 36-37. Without more, these statements are insufficient to support her discrimination claim.

In her response to defendant's motion, plaintiff voluntarily waived her claim of sex discrimination under section 1981. Doc. 24 at 13. Accordingly, that claim is to be dismissed. Thus, all of plaintiff's race and gender discrimination claims are to be dismissed.

D. The Count Four Disparate Treatment Employment Discrimination Claim

To survive a motion to dismiss, plaintiff must, when making a claim of disparate treatment discrimination, allege facts that would establish the following: (1) her membership in a protected class; (2) that she was qualified for a particular position; (3) that she was subject to an adverse employment action; and (4) that other similarly situated employees outside the protected class were treated more favorably. See Abarca v. Metro Transit

Auth., 404 F.3d 938, 941 (5th Cir. 2005). Though plaintiff
stated in her complaint that "[p]laintiff has established her
prima facie case of disparate treatment employment
discrimination[,]" doc. 1 at 17, ¶ 119, such is not the case.
Plaintiff has alleged no facts to indicate she has any plausible
right to relief on her disparate treatment claims. She never
claimed that she was qualified for any particular position, and
she never alleged, in more than a conclusory way, that she was
subject to an adverse employment action or treated less favorably
than individuals outside of her protected class. Thus,
plaintiff's disparate treatment claims are to be dismissed.

E.  The Count Five Disparate Impact Employment Discrimination
    Claim

     A claim of disparate impact is one that establishes a
violation of Title VII without a showing of discriminatory
intent. To establish such a claim, plaintiff must show that
defendant implemented a facially neutral employment practice or
policy that caused a significant disparate impact on employees in
a particular protected class, and then pinpoint the specific
factor or factors in defendant's decision-making process
responsible for causing such statistical disparate impact.
42 U.S.C. § 2000e-2(k)(1)(A)(i)-(ii); Wards Cove Packing Co. v.
Atonio, 490 U.S. 642, 656-57 (1989). Although plaintiff in her
complaint pointed to multiple alleged discriminatory practices

engaged in by defendant, she did so in such a conclusory way that, even if taken as true, cannot support a disparate impact claim. For instance, she stated:

> Defendant continually utilizes a policy of using age, race, sex, results of performance reviews, progressive discipline, imaged leader training, career path, coaching for success, discrimination, among others to make employment decisions. Defendant inquires, about employees' age, race, sex, training progress, discipline, participation and completion on a regular bases. Such policies, while facially neutral, have a disproportionate and disparate impact on employees whose race is African American, whose gender is female and who are over forty (40) years old.

Doc. 1 at 19, ¶ 113. These statements alone are too factually bare to allow the court to infer that her right to relief is plausible. Further, the allegation that defendant's policies disparately impacted people in her Title VII protected class is insufficient, as she has provided no factual information to support that claim. In fact, she has not pointed to a single person, besides herself, who allegedly was affected by such policies. Thus, plaintiff's disparate impact discrimination claims are to be dismissed.

F.  The Count Six Hostile Work Environment Claim

A hostile work environment exists "when the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or persuasive to alter the conditions of [one's] employment and create an abusive working environment."

Stewart v. Miss. Transp. Comm'n, 586 F.3d 321, 328 (5th Cir. 2000). Whether such behavior is "hostile" depends on "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Walker v. Thompson, 214 F.3d 615, 625 (5th Cir. 2009). See also Alaniz v. Zamora-Quezada, 591 F.3d 761, 771 (5th Cir. 2009)(explaining that "simple teasing, offhand comments, and isolated incidents" are not actionable).

To survive a motion to dismiss for failure to state a claim, plaintiff must plead facts that permit the court to reasonably infer that any alleged harassment was severe enough to alter the conditions of her employment and create an abusive work environment. Stone, 590 F. App'x at 340-341.

Plaintiff here alleges that defendant created a hostile work environment by allowing "bullying, harassment, intimidation, ridicule, insults, rumors and innuendoes [sic][,]" doc. 1 at 20, ¶ 141, to exist in the workplace, taking no steps to reduce, eliminate, or prevent such behavior, and failing to take any remedial action against any employees of plaintiff who engaged in same, id. at 20, ¶ 145. However, the only non-conclusory, factual information provided by plaintiff to support such allegation is that "Steve Sanzone, Jim Robinson, Ron Reese, Brad

15

Smith, Victor Trevino, Tiwan Outlaw, Ken Lewis, Doug Carr and others, together and individually, consistently harassed Plaintiff, called Plaintiff 'lazy' among other names, placed 'hello kitty' stickers on her toolbox . . . ." Id. at 8, ¶ 36. Even taken as true, such facts do not demonstrate that plaintiff faced harassment "sufficiently severe or persuasive to alter the conditions of [her] employment and create an abusive working environment." Stone, 590 F. App'x at 341.

Plaintiff includes as part of her Count Six allegations a section devoted to alleged mental abuse. Doc. 1 at 21-22, ¶¶ 146-57. That claim must be dismissed because there was no tort cause of action under Title VII for "mental abuse."

Thus, plaintiff's hostile work environment claims are to be dismissed.

G.    The Count Seven Retaliation Claim

To state a claim for retaliation in violation of Title VII, plaintiff must allege that: (1) she engaged in a protected activity; (2) she was subject to an adverse employment action; and (3) some causal connection between the protected activity and the adverse action. Stone, 590 F. App'x at 341. See also Foley v. Univ. of Houston Sys., 355 F.3d 333, 339 (5th Cir. 2003). "Notably, the standard for establishing an adverse employment action in the retaliation context differs from the standard in

16

the discrimination context." Stone, 590 Fed. App'x at 341
(quoting Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53,
66-68 (2006)). In such context, an adverse employment action is
a materially adverse action, beyond "petty slights, minor
annoyances, and simply lack of good manners[,]" which is, based
on the particular circumstances of the case, likely to dissuade a
reasonable employee from making or supporting a charge of
discrimination. Id. (quoting Burlington N. & Santa Fe Ry. Co,
548 U.S. at 668).

Plaintiff alleged that defendant retaliated against her for
"having participated in an EEOC proceeding and for having opposed
conduct which she had a good faith belief was unlawful and/or
discriminatory." Doc. 1 at 25 ¶ 167 (errors in original). She
then alleged that the retaliatory conduct included, among other
things, uttering unproductive remarks, undermining her, creating
events in the workplace that caused her stress, blatantly
discriminating against her, depriving her of her legal rights,
and employing a systematic scheme designed to provide better
opportunities to "non-African American, non-female, non-over
forty (40) year old individuals . . . ."[7] Doc. 1 at 23-24,

----

[7]Plaintiff in support of her retaliation claim also referenced the allegations quoted in footnote 9
above. Doc. 1 at 23 ¶ 161. As previously explained, such conclusory allegations are insufficient to
support any claim.

¶ 164.  But these allegations alone are insufficient to support a claim of retaliation.  The behavior is too minor to constitute an adverse employment action.  See Stone, 590 Fed. App'x at 341. And to the extent that any of the alleged conduct could be thought severe enough to support a claim for retaliation, the allegations by plaintiff are wholly conclusory and unsupported by factual information.

Further, though plaintiff's assertion that filing an EEOC complaint is a protected activity is true, Walker, 214 F.3d at 629, she still has the burden of pleading that some causal connection exists between her filing such charge and the allegedly retaliatory behavior, Stone, 590 F. App'x at 341. Plaintiff has not pleaded such a connection, other than to say, "[d]efendant . . . subjected Plaintiff to retaliation . . . for her filing a charge of discrimination with the EEOC and/or . . . because she opposed discrimination and retaliation . . . ." Doc. 1 at 25, ¶ 167.  For the forgoing reasons, plaintiff's retaliation claims are to be dismissed.

H.    The Count Eight Defamation Claim

To state a defamation claim under Texas law, plaintiff must allege that defendant "(1) published a statement; (2) that was defamatory concerning the plaintiff; (3) while acting with either actual malice, if the plaintiff was a public official or public

figure, or negligence, if the plaintiff was a private individual, regarding the truth of the statement." WFAA-TV, Inc. v. McLemore, 978 S.W.2d 568, 571 (Tex. 1998). See also In re Lipsky, 460 S.W.3d 579, 593 (Tex. 2015). Statements of opinion are not actionable as defamation. Bentley v. Bunton, 94 S.W.3d 561, 579 (Tex. 2002). Whether a statement is an actionable assertion of fact or merely a protected expression of opinion is to be determined by the court as a matter of law. Carr v. Brasher, 776 S.W.2d 567, 570 (Tex. 1989).

Here, plaintiff has failed to state any facts informing the defendant of the grounds of her defamation claim. Plaintiff alleges defendant made defamatory statements, through written and oral communication, about her job performance and her ability to perform as a team player, and divulged information related to a private issue. Doc. 1 at 26-28, ¶¶ 182-187. Such statements are too vague and broad to qualify as defamatory, and instead constitute, to the extent they might be true, the opinion of defendant or its employees.

Even more, plaintiff fails to identify the specific defamatory statements she alleges defendant made or to squarely identify the speaker of the alleged defamatory statement, other than to point the finger, generally, at "management, supervisors, preceptors & others". Doc. 1 at 26-29. Plaintiff's mere recital

of the elements of a defamation claim supported only by her
conclusory allegations simply does not survive the dismissal
stage. See Iqbal, 556 U.S. 678. Thus, plaintiff's defamation
claim is to be dismissed.

I.   The 42 U.S.C. § 1981 and Texas Labor Code Claims

For the reasons already given, the court has concluded that
whatever claims plaintiff purports to be making under § 1981 or
the Texas Labor Code have not been sufficiently pleaded, and are
to be dismissed.

* * * * *

Plaintiff made just at the end of her response to the motion
to dismiss a contingent request to file an amended complaint.
That request is not in compliance with the Local Civil Rules of
this court. Plaintiff did not comply with Local Civil Rule LR
5.1, which requires that "[a]ny [] document must clearly identify
each included . . . motion . . . in its title." Moreover, if
leave is sought to amend a pleading, the Local Civil Rules
require that the movant attach a copy of the proposed amended
pleading as an exhibit to the motion, and submit with the motion
the original and a copy of the proposed pleading. LR 5.1.
Apparently plaintiff was not serious enough about filing an
amended complaint to go to the trouble to comply with the Local
Civil Rules. Furthermore, she has done nothing to demonstrate

20

that the filing by her of an amended complaint would be productive.

V.

Order

Based on the foregoing,

The court ORDERS that all claims of plaintiff against defendant be, and are hereby, dismissed.

SIGNED November 28, 2017.

                          JOHN McBRYDE
                          United States District Judge